**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| UNITED STATES of AMERICA, ) | |
| ) | No. CR 94-243 PCT RCB |
| Plaintiff/Respondent, ) | CIV 05-1580 PCT RCB (JI) |
| ) | |
| vs. ) | O R D E R |
| ) | |
| LARRY SAYETSITTY, ) | |
| ) | |
| Defendant/Movant. ) | |

This matter arises out of Movant Larry Sayetsitty's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. Mot. (doc. # 366). On July 22, 2005, Respondent filed a response. Resp. (doc. # 369). On April 18, 2006, the Magistrate Judge issued a Report and Recommendation (doc. # 377) ("R&R") recommending that the motion be denied and dismissed in its entirety as time-barred under the one-year statute of limitations established by the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"). On May 22, 2006, Movant filed a motion for an extension of time to file his objections to the R&R. Mot. (doc. # 378). Movant's objections were included with his motion. Id. The

Court has reviewed the record, the R&R, Movant's objections, and all other pertinent information and now rules on Movant's motion for extension of time (doc. # 378) as well as the underlying § 2255 motion (doc. # 366).

**I.   BACKGROUND**

On June 30, 1995, at the conclusion of a five-day jury trial, Movant was found guilty of second degree murder, and on October 25, 1995, was sentenced to a term of imprisonment of 225 months followed by a term of supervised release of 48 months. Verdict (doc. # 234); Judgment (doc. # 271).

Movant appealed, and on February 28, 1997, the United States Court of Appeals for the Ninth Circuit affirmed his second-degree murder conviction and sentence. United States v. Sayetsitty, 107 F.3d 1405, 1415 (9th Cir. 1997). Movant did not seek a writ of certiorari from the Supreme Court of the United States, but had 90 days from the date of the decision of the Court of Appeals to do so. See Sup. Ct. R. 13.

On September 23, 1999, Movant wrote a letter to this Court, requesting, inter alia, a copy of the docket sheet, and on October 13, 1999, the Court issued an order directing the Clerk of the Court to transmit a copy of the docket sheet to Movant. See Order (doc. # 351). On October 18, 1999, Movant filed another motion, acknowledging receipt of the docket sheet. Mot. (doc. # 352). The docket sheet reflects that on April 25, 1997 the United States Court of Appeals for the Ninth Circuit issued a mandate and opinion affirming Movant's conviction and sentence by this Court. Mandate (doc. # 291).

On May 26, 2005, Movant filed the present Motion to Vacate,

Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. Mot. (doc. # 366). Respondent argued that the motion was untimely under the one-year statute of limitations established by the AEDPA, and on April 18, 2006, the Magistrate Judge issued a Report and Recommendation recommending that the motion be denied and dismissed in its entirety as time-barred. Resp. (doc. # 369); R&R (doc. # 377).

On May 22, 2006, Movant filed a motion for an extension of time to file his objections to the R&R. Mot. (doc. # 378). Movant's objections were included with his motion. Id. On June 1, 2006, Respondent filed a response to Movant's motion for extension of time, along with its reply to Movant's substantive objections. Resp. (doc. # 379).

**II.  DISCUSSION**

The Court grants Movant's motion (doc. # 378) for an extension of time within which to file his objections, and construes the balance of his motion (doc. # 378) as his objections to the Magistrate Judge's Report and Recommendation.

Because this case was filed after April 24, 1996, it is governed by the AEDPA. Woodford v. Garceau, 538 U.S. 202, 210 (2003); Lindh v. Murphy, 521 U.S. 320, 336 (1997). The AEDPA generally requires a prisoner to seek federal habeas corpus relief within one year after the conviction becomes final. 28 U.S.C. § 2244(d)(1)(A).

In this case, Movant's conviction became final on May 29, 1997, when the period in which he could petition the Supreme Court of the United States for a writ of certiorari expired. See Sayetsitty, 107 F.3d at 1415; Sup. Ct. R. 13; Clay v. United

States, 537 U.S. 522, 527 (2003) ("Finality attaches when [the Supreme] Court affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires."). The one-year statute of limitations commenced on that date, and expired on May 29, 1998, rendering Movant's § 2255 motion untimely by nearly seven years. See 28 U.S.C. § 2244(d)(1)(A).

Movant relies upon subparagraphs (B), (C), and (D) of 28 U.S.C. § 2244(d)(1), equitable tolling, and actual innocence as bases for establishing the timeliness of his claims. See Mot. (doc. # 366); Reply (doc. # 373); Mot. (doc. # 378). The Court considers each argument in turn.

**A. State Created Impediment to Filing of Application**

Under 28 U.S.C. § 2244(d)(1)(B), the one-year limitations period does not begin to run until "the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action." 28 U.S.C. § 2244(d)(1)(B).

Movant argues that he did not discover that his appeal had been denied until May 24, 2004, and therefore the one-year statute of limitations did not begin running until that date.[1]  See Mot.

---

[1]  Although Movant's § 2255 motion (doc. # 366), filed on May 26, 2005, would seem to be untimely even on the basis of his argument that the statute began to run on May 24, 2004, he is entitled to the benefit of the prison mailbox rule, under which a pro se petition is deemed filed at the moment it is delivered to prison officials for forwarding to the court clerk.  See Houston v. Lack, 487 U.S. 266, 276 (1988); Patterson v. Stewart, 251 F.3d 1243, 1245 n.2 (9th Cir. 2001).

-4-

(doc. # 366); 28 U.S.C. § 2244(d)(1)(B). As the Magistrate Judge noted, however, this argument belies Movant's earlier admission that he had received the docket sheet, which would have alerted him to the denial of his appeal at least as early as October 18, 1999. See R&R (doc. # 377) at 6; Mot. (doc. # 352). In his objections, Movant claims that the docket sheet is ambiguous as to whether his appeal had been denied.[2] See Mot. (doc. # 378) at 4. The Court finds no ambiguity. The docket text plainly states that the United States Court of Appeals for the Ninth Circuit "affirm[ed] the decision of the District Court as to Larry Sayetsitty." Mandate (doc. # 291) (quoting docket text). Therefore, the running of the limitations period cannot be delayed on the basis of 28 U.S.C. § 2244(d)(1)(B).

**B. Newly Recognized Right Made Retroactively Applicable**

Under 28 U.S.C. § 2244(d)(1)(C), the one-year limitations period for filing a constitutional claim for post-conviction relief does not begin to run until "the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2244(d)(1)(C).

---

[2] Movant suggests that the docket sheet is unclear as to whether his conviction and sentence were ever affirmed, because the docket text "says, 'Certified copy of 9CCA Mandate and Opinion re affirming deision [sic] of District Court as to Larry Sayetsitty 'ONLY.' [sic] IT DOES NOT SAY THE APPEAL IS AFFIRMED, [sic] it may mean [sic] district court affirmed sentence [sic] mandate or Larry's new trial mandate." Mot. (doc. # 378) at 4. The problem is not that the docket text is ambiguous. Rather, Movant has simply misunderstood its plain meaning and drawn an unreasonable misinterpretation of it as a result.

-5-

Movant asserts claims arising under <u>United States v. Booker</u>, 543 U.S. 220 (2005), which was not decided until January 12, 2005. <u>See</u> Mot. (doc. # 366). However, the <u>Booker</u> line of cases is not retroactively applicable on collateral review, and so the operation of the statute of limitations may not be delayed on the basis of 28 U.S.C. § 2244(d)(1)(C). <u>See</u> <u>United States v. Cruz</u>, 423 F.3d 1119, 1120-21 (9th Cir. 2005).

**C. Discovery of Factual Predicate of Claims Presented**

Under 28 U.S.C. § 2244(d)(1)(D), the one-year limitations period does not begin to run until "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). For purposes of this section, only newly discovered "facts" may delay the running of the statute, not newly discovered evidence. <u>See</u> <u>Matus-Leyva v. United States</u>, 287 F.3d 758, 761 n.3 (9th Cir. 2002).

Movant claims that the statute of limitations clock should not have begun until his discovery of certain alibi evidence. <u>See</u> Mot. (doc. # 366). However, Movant acknowledges having previously alerted trial counsel to the facts underlying his alibi. <u>See</u> Reply (doc. # 373) at 11. Because the factual predicate of his claims were known to him at the time of trial, it is immaterial for purposes of 28 U.S.C. § 2244(d)(1)(D) that he obtained evidence proving those facts at a later date.

**D. Equitable Tolling**

In a recent case, the Supreme Court deliberately avoided deciding whether the AEDPA's statute of limitations may be equitably tolled. <u>Pace v. DiGuglielmo</u>, 544 U.S. 408, ___, 125 S.

Ct. 1807, 1815 n.8, 161 L. Ed. 2d 669, 679 n.8 (2005) (Rehnquist, C.J.).  However, because the parties had argued on the basis that it could, the Court assumed that equitable tolling applies and observed that the proponent must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way."  Id. at 1814, 1815 n.8 (citing Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 96 (1990)); accord Brambles v. Duncan, 412 F.3d 1066, 1069-70 (9th Cir. 2005) ("The one-year statute of limitations prescribed in the AEDPA may be equitably tolled if 'extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time.'") (quoting Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999)).

Movant claims that he is entitled to equitable tolling based on (1) the delay in receiving notice of the disposition of his appeal and (2) his alleged physical illness and mental incompetence.  See Reply (doc. # 373) at 7-9.  The Court rejects both arguments.

As explained above, Movant's claim that he was not apprised of the disposition of his appeal until May 24, 2004 is without merit. See Reply (doc. # 373) at 1.  Having previously received the docket sheet, Movant had sufficient information as of October 18, 1999 to understand that his conviction and sentence had been affirmed by the Court of Appeals.  See Mot. (doc. # 352); Mandate (doc. # 291). Moreover, as explained by the Magistrate Judge, Movant's decision to file his § 2255 motion nearly one full year after purportedly receiving such notice precludes a finding of reasonable diligence, making him ineligible for equitable tolling.  See R&R (doc. # 377)

-7-

at 7 (citing Guillory v. Roe, 329 F.3d 1015, 1018 n.1 (9th Cir. 2003)).

The Court also adopts the reasoning of the Magistrate Judge in rejecting Movant's argument for equitable tolling based on physical illness and mental incompetency, because Movant has not presented any evidence as to how his alleged infirmity and incompetence prevented him from filing a timely motion. See R&R (doc. # 377) at 7-8. Movant's filings demonstrate his "competen[ce] to understand the proceedings, and to marshal arguments and authorities in support of his cause." See id. at 8. Therefore, even if the AEDPA's statute of limitations may be equitably tolled, Movant has not made a sufficient showing of extraordinary circumstances beyond his control, or reasonable diligence in filing his application, to warrant such relief.

**E. Actual Innocence**

The Ninth Circuit has noted that the AEDPA's statute of limitations may be subject to avoidance based upon a showing of actual innocence, which is determined under the same standard applied in cases of procedural default. See Majoy v. Roe, 296 F.3d 770, 776-77 (9th Cir. 2002). Thus, to establish actual innocence, a habeas petitioner must show that "it is more likely than not that no reasonable juror would have convicted him in light of the new evidence" presented in his habeas petition. Schlup v. Delo, 513 U.S. 298, 327 (1995).

In the instant case, Movant has offered four signed declarations from his sister, daughter, mother, and wife, as well as three unsigned declarations, all concerning his alibi that the victim was killed in a fight with another individual. In addition,

Movant has submitted medical records indicating the presence of a metal rod in his right femur, which he speculates would have rendered him unable to deliver the fatal kick to the victim's head. See Reply (doc. # 373) at 19-20.  Movant also claims that the lack of blood at the scene, on his clothes, and in the vehicle used to transport the victim tend to corroborate his innocence.  See id. at 29; see also Mot. (doc. # 378) at 12-13 (noting that evidence at trial included pictures of victim bleeding with cuts to the left side of the head).

    The Government's evidence, on the other hand, included the testimony of four eyewitnesses who observed Movant kicking the victim repeatedly, and the testimony of a medical examiner who reported that the victim had died of an internal brain hemorrhage. See R&R (doc. # 377) at 12.  In light of this evidence, the Court cannot conclude that "it is more likely than not that no reasonable juror would have convicted [Movant] in light of [his] new evidence."  See Schlup, 513 U.S. at 327.  Accordingly, even if the statute of limitations could be waived on the basis of actual innocence, Movant has not produced sufficient evidence to establish his innocence by the standard set forth in Schlup.

    Because Movant's claims are time-barred under 28 U.S.C. § 2244(d)(1), and neither equitable tolling nor actual innocence provides a basis for ignoring the untimeliness of his § 2255 motion (doc. # 366), the motion will be denied.

    **IT IS THEREFORE ORDERED** that Movant's motion for extension of time (doc. # 378) is GRANTED.

    IT IS FURTHER ORDERED that the Magistrate's Report and Recommendation (doc. # 377) is ADOPTED.

1       IT IS FURTHER ORDERED that Movant's Motion to Vacate, Set
2  Aside, or Correct Sentence (doc. # 366) is DENIED and dismissed
3  with prejudice.
4       DATED this 19th day of June, 2006.

                    _____
                    Robert C. Broomfield
                    Senior United States District Judge

10 Copies to counsel of record and Movant pro se