WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| UNITED STATES of AMERICA, | ) | No. CR 94-243 PCT RCB |
| | ) | CIV 05-1580 PCT RCB (JI) |
| Plaintiff/Respondent, | ) | |
| | ) | |
| vs. | ) | O R D E R |
| | ) | |
| LARRY SAYETSITTY, | ) | |
| | ) | |
| Defendant/Movant. | ) | |
| ———————————————————— | ) | |

On May 26, 2005, Movant Larry Sayetsitty filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255.  Mot. (doc. # 366).  The Court denied that motion on the merits on June 19, 2006.  Order (doc. # 380).  Currently pending before the Court is Movant's motion for certificate of appealability (doc. # 387).

Before a movant can appeal the denial of a § 2255 motion, a certificate of appealability must issue.  28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).  A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C.

§ 2253(c)(2).  The certificate of appealability must "indicate which specific issue or issues satisfy" the requirement.  28 U.S.C. § 2253(c)(3).  Movant's motion does not indicate which specific issue or issues merit the granting of a certificate of appealability.  See Mot. (doc. # 387).  In any event, the Court has examined the pending request, together with the underlying § 2255 motion (doc. # 366) and the order sought to be appealed (doc. # 380), and finds that probable cause does not exist for the appeal.

When a § 2255 motion is denied on procedural grounds, as in the present case, a certificate of appealability may issue only if the movant can show both "(1) that jurists of reason would find it debatable whether the district court was correct in its procedural ruling" and "(2) that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right."  Morris v. Woodford, 229 F.3d 775, 780 (9th Cir. 2000) (internal quotations and citation omitted).  Both are threshold inquiries, and a court may dispose of an application for a certificate of appealability by "resolv[ing] the issue whose answer is more apparent from the record and arguments."  Slack v. McDaniel, 529 U.S. 473, 484-85 (2000).

In this case, Movant's § 2255 motion (doc. # 366) was denied as time-barred under the AEDPA's one-year statute of limitations.  Order (doc. # 380) at 3-9.  The soundness of the Court's procedural ruling is not subject to reasonable debate.  Movant has not demonstrated that jurists of reason would conclude differently than the Court with respect to the various arguments he raised in favor of tolling the AEDPA's one-year limitations period.  The evidence

1  overwhelmingly establishes that tolling of the one-year limitations

2  period was not warranted in this case on the basis of (1) any

3  state-created impediment, see Order (doc. # 380) at 4-5, (2) any

4  newly recognized right made retroactively available, see id. at 5-

5  6, (3) belated discovery of the factual predicate of the underlying

6  claims for relief, see id. at 6, (4) equitable tolling, see id. at

7  6-8, or (5) actual innocence, see id. at 8-9.  Because a request

8  for a certificate of appealability may be denied on the strength of

9  a procedural ruling, the Court need not reach the constitutional

10  questions of Movant's underlying claims.  See Slack, 529 U.S. at

11  484-85.  Therefore,

12      IT IS ORDERED that Movant's motion for certificate of

13  appealability (doc. # 387) is DENIED.

14      DATED this 30th day of October, 2006.

15

16  _____

17      Robert C. Broomfield
        Senior United States District Judge

18

19

20

21  Copies to counsel of record and pro se movant.

22

23

24

25

26

27

28

- 3 -